581 A.2d 612

**COMMONWEALTH of Pennsylvania**

v.

**Anthony LOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 1990.

Filed Oct. 12, 1990.

Alan L. Yatvin, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before OLSZEWSKI, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from a judgment of sentence entered after a judge sitting without a jury found appellant, Anthony Lott, guilty of theft by unlawful taking or disposition; [1] robbery; [2] possessing instruments of crime, generally; [3] possessing instruments of crime, concealed weapon; [4] criminal conspiracy; [5] and simple assault. [6] For the reasons set forth below, we affirm.

The incident underlying this appeal occurred in the early morning hours of October 20, 1988 when appellant and an accomplice accosted the complainant. The appellant first pulled out a handgun and placed it next to the victim's head. Next, the appellant and his accomplice frisked their victim and removed his wallet from his pocket. Upon discovering that the complainant had no money, appellant returned the wallet to him.

Appellant entered a plea of not guilty following his arrest and arraignment. At a trial held March 31, 1989, appellant was found guilty of the above listed offenses. Although the certified record contains no copy of appellant's post-verdict motions, the trial court recorded its denial of post-verdict motions on the informations which are part of the certified record. These entries are dated June 2, 1989. The trial judge sentenced appellant to serve consecutive terms of eight (8) to sixteen (16) years for robbery, two (2) to four (4) years for possession of instruments of crime, and one (1) to three (3) years for criminal conspiracy. Appellant's motion for reconsideration of sentence was denied without a hearing. The instant timely appeal followed in which appellant raises four claims relating to trial counsel's ineffectiveness and also challenges the discretionary aspects of the sentence imposed.

1. 18 Pa.C.S.A. § 3921.
2. *Id.* § 3701.
3. *Id.* § 907(a).
4. *Id.* § 907(b).
5. *Id.* § 903.
6. *Id.* § 2701.

 The burden of establishing ineffective assistance of counsel rests upon the appellant because counsel's stewardship is presumed to be effective. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Smith,* 380 Pa.Super. 619, 552 A.2d 1053 (1988). Appellant's obligation is to demonstrate both that "the omission or commission by counsel was arguably ineffective *and* the likelihood that he was prejudiced as a result." *Commonwealth v. Pierce,* 515 Pa. 153, 161, 527 A.2d 973, 976 (1987) (emphasis in original). The first inquiry in an ineffectiveness claim is always "whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim." *Commonwealth v. Durst,* 522 Pa. 2, 4, 559 A.2d 504, 505 (1989). If this threshold is met, it must next be determined that the particular course followed by counsel had no reasonable basis designed to effectuate his client's interests. *Id.* The final inquiry is to establish the precise manner in which counsel's commission or omission prejudiced the appellant. *Id.* In making assertions of ineffectiveness, an appellant must allege sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective because the appellate courts will not consider such claims in a vacuum. *Id.; Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981). We note additionally that counsel will not be deemed ineffective for failing to predict a change in the law. *Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

 Appellant initially contends that this case must be remanded for a hearing on trial counsel's alleged ineffectiveness as these claims are being raised for the first time on direct appeal. There is no such requirement in the law of this Commonwealth.[7] A remand for a hearing is appro-

7. We note that appellant has also misstated the law regarding the necessity to demonstrate prejudice in conjunction with an ineffectiveness claim. Footnote one of appellant's brief contains the statement that "[a]ppellant is aware that ineffectiveness, without resultant prejudice to him is a wrong without a remedy." This is incorrect. Without

priate where it is impossible to tell from the record whether the actions of trial counsel could have had a rational basis. *Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976). However, remand is *not* required where an adequate record exists or if it is apparent from the record that trial counsel's contested actions were "within the realm of trial tactics or strategy." *See id.* As the record in the instant case is sufficient to facilitate our review, we need not delay the judicial process by vacating the judgment of sentence and remanding for a hearing.

■ The first claim of ineffectiveness raised is that trial counsel rendered ineffective assistance by failing to move for recusal of the trial judge who had presided over a suppression hearing pertaining to appellant's case. However, the mere participation by the trial judge in an earlier stage of the proceedings does not provide a *per se* basis for requiring recusal of the trial judge. *Commonwealth v. Bristow*, 372 Pa.Super. 48, 52, 538 A.2d 1343, 1345 (1988), *allocatur denied*, 520 Pa. 601, 553 A.2d 964 (1988).

The determination of whether a trial judge should recuse himself depends upon the following: the type of evidence that the judge hears; if the evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal. The judge should also recuse himself whenever there is substantial doubt as to his ability to preside impartially. The burden to show prejudice, however, is on the party seeking recusal. If the evidence is admissible, or not of a highly prejudicial nature, recusal is not required, and while it may be the better practice to have a different judge preside over trial than preside over pretrial proceedings, such a practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. This principle appears to be based on the prevailing view that

a demonstration of prejudice, there is no ineffectiveness. *Commonwealth v. Pierce, supra.* In such a case, there is no wrong to be remedied.

judicial fact-finders are capable of disregarding prejudicial evidence.

*Id., quoting Commonwealth v. Lewis,* 314 Pa.Super. 298, 303–04, 460 A.2d 1149, 1151–52 (1983) (citations and quotation marks omitted).

■ In the instant case appellant bases his argument on the fact that the Honorable Ricardo C. Jackson presided at both appellant's trial and at the pre-trial suppression hearing held to determine the admissibility of appellant's confession. Testimony taken at the suppression hearing concerned, *inter alia,* whether Detective Martin Devlin coerced appellant into making a confession by physically assaulting and threatening appellant. Appellant now contends that as he and Detective Devlin gave totally opposite versions of the facts, the only possible basis on which Judge Jackson could have ruled the confession admissible is by making a pre-trial determination that appellant's credibility was of a lesser quality than that of Detective Devlin. The gravamen of appellant's complaint is that he was thus deprived of his constitutional right to a non-jury trial before a judge who was both impartial and who appeared to be impartial.

Appellant's argument misses the mark for three reasons. First, an accused has the constitutional right to trial by jury; he also has the legal right to waive a jury trial and have the case decided by a judge. *Commonwealth v. Wallace,* 522 Pa. 297, 312, 561 A.2d 719, 726–27 (1989). However, there is no absolute right to a non-jury trial. *Id.* at 312, 561 A.2d at 726. The second, and more serious flaw in appellant's argument, is that he has made no factual allegations demonstrating that the trial judge was biased or partial. Apart from conclusory statements that Judge Jackson was not impartial, did not "appear" to be impartial, and could not have been impartial, appellant has proffered no facts showing that he was entitled to recusal had trial counsel made such a motion.[8]

8. Appellant cites two obvious typographical errors in the trial court's opinion for the proposition that Judge Jackson concedes he was

■ A party seeking recusal of the trial judge bears the burden of establishing the grounds for recusal. *Commonwealth v. Gibson*, 389 Pa.Super. 518, 525, 567 A.2d 724, 727 (1989). "Even the fact that the trial judge may have been made aware of improper evidence does not require recusal; because, a trial judge is presumed to be capable of disregarding improper evidence, including evidence of prior criminal acts." *Id. See Commonwealth v. Irwin*, 397 Pa.Super. 109, ——--——, 579 A.2d 955, 957–958 (1990) (judges sitting as factfinders are presumed to ignore prejudicial evidence in reaching a verdict; a trial judge is presumed capable of recognizing in himself the symptoms of bias). Recusal is required only when the evidence brought to the attention of the trial court is *both* inadmissible *and* highly prejudicial. *Commonwealth v. Gibson, supra; Commonwealth v. Lewis*, 314 Pa.Super. 298, 303–04, 460 A.2d 1149, 1152–53 (1983). While the trial court's knowledge that appellant had confessed to the crimes with which he was charged was certainly "highly prejudicial" to appellant's defense, appellant has not even argued that this confession was improperly admitted at trial. As the trial judge was not required to grant a recusal motion under these circumstances, trial counsel cannot be deemed ineffective for failing to make such a motion.

■ Finally, appellant has failed to demonstrate that he was prejudiced by trial counsel's failure to seek Judge Jackson's recusal. Prejudice in the context of a claim of ineffective assistance of counsel is determined by an evaluation of whether "but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different." *Commonwealth v. Petras*, 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987). Appellant has not shown that Judge Jackson would have been disposed to grant such a motion had it been made. It is instructive on this point to note that when counsel for appellant's co-defendant actually made such a motion,

partial in trying appellant's case. We are not convinced by this argument.

Judge Jackson refused to grant it. N.T. 3/31/89 at 3–4. Additionally, appellant has utterly failed to explain how a motion for recusal, had it been made and granted, could have led to a different result given the evidence adduced against him. In consideration of the above, we see no indication that trial counsel was ineffective in this context.

■ Appellant next alleges that trial counsel was ineffective for failing to obtain medical records relating to appellant's post-arrest medical treatment. These records were crucial, according to appellant, in order to bolster his contention that the police coerced his confession through physical violence resulting in the injuries for which he was treated at a hospital the night of his arrest. As our supreme court has ruled, "[t]he reasonableness of counsel's investigative decisions depends critically on the information supplied by the defendant." *Commonwealth v. Peterkin*, 511 Pa. 299, 319, 513 A.2d 373, 383 (1986), *cert. denied*, 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987). The record plainly shows that appellant never informed trial counsel of the fact that he received medical treatment at the time of his arrest. N.T. 3/30/89 at 118. Trial counsel first learned of this fact during Detective Devlin's testimony at the suppression hearing held the day before appellant's trial.[9] Appellant is not in a position to fault trial counsel for his own failure to provide his advocate with the facts necessary to mount a timely defense.

Additionally, we find it notable that appellant merely argues that the records pertaining to appellant's medical treatment "may" corroborate details about his version of the facts surrounding his arrest and confession. Apparently no steps have been taken to determine the exact nature of the contents of the medical records in question. Appellant has not stated the name of the hospital in which he was treated or the nature of his injury. He does not even claim

---

9. At the suppression hearing, Detective Devlin stated that appellant was taken to the hospital because he complained about an injury to his arm, that the medical treatment was obtained at approximately 4:20 a.m., and that appellant's statement was not taken until he returned from the hospital at approximately 6:20 a.m. *Id.* at 73.

that the purported medical records are available at this time should we grant his request and remand for a hearing on this issue. We will not find ineffectiveness in a factual vacuum. *Commonwealth v. Durst, supra.* Consequently, we can grant no relief on this issue.

The third ineffectiveness claim raised by appellant is that trial counsel conceded appellant's guilt at the suppression hearing by jumping to a sentencing issue after appellant's suppression motion was denied. The record does not, however, support this contention. Further, our careful scrutiny of the record discloses that events did not occur in the precise manner described by appellant. After the suppression court inquired whether he wished to join in co-counsel's motion for recusal, trial counsel replied in the negative. N.T. 3/30/89 at 119. He then stated that he wished to challenge the Commonwealth's attempt to seek a mandatory minimum sentence in appellant's case. *Id.* The hearing judge indicated that he would consider the matter on the following day before the commencement of trial. *Id.*

The record shows that the following morning, trial counsel attempted to convince the lower court that a spring gun which the Commonwealth planned to introduce against appellant was not sufficient to bring the mandatory minimum sentencing provisions into play. N.T. 3/31/89 at 5–9. The exchange between the court and trial counsel, viewed in the entirety of its proper context, plainly indicates that trial counsel hoped to effectuate a favorable plea bargain for his client if he could obtain a ruling that the mandatory minimum sentence need not be imposed. *Id.* As this course of conduct had a reasonable basis designed to further his client's interests, we will not find trial counsel ineffective on this point. *See Commonwealth v. Durst, supra.*

The final ineffectiveness claim raised by appellant is a two-pronged argument that (1) trial counsel failed to adequately advise his client regarding the effect of waiving his right to a jury trial and giving permission to incorporate testimony taken at the suppression hearing; and that (2) the

waiver colloquy was inadequate because appellant was never informed that he had a right to a proceeding where his presumption of innocence would be intact. In the context of appellant's recusal claim, we have already found the latter argument lacking in merit. We will not reiterate that discussion here beyond stating the obvious: there is not a scintilla of evidence in the record to show that the lower court was biased, partial or prejudiced against appellant and appellant has pointed to no fact of record indicating that he received other than the full presumption of innocence to which he was entitled. We will not find ineffectiveness absent a showing of prejudice. *Commonwealth v. Durst, supra.* Nor will we find ineffectiveness in a factual vacuum. *Id.*

The first prong of this ineffectiveness argument may be viewed as a claim that appellant's waiver was involuntary and unknowing. We note initially that the decision of whether to waive the right to a jury trial is that of the defendant and not his attorney. *Commonwealth v. Wallace,* 522 Pa. at 312, 561 A.2d at 727. The law is well settled that a defendant may waive his right to a jury trial if that waiver is knowing and voluntary. *Commonwealth v. Carter,* 377 Pa.Super. 93, 110, 546 A.2d 1173, 1181 (1988). Before a waiver can be adjudged "knowing and voluntary," there must be some indication that the defendant knows of the "essential ingredients" of a jury trial. *Id.* "These ingredients are: that the jury be chosen from members of the community, that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Id. See Commonwealth v. Shablin,* 362 Pa.Super. 289, 524 A.2d 511 (1987) (waiver is voluntary and knowing where defendant is apprised that jury would be chosen from members of community, that their verdict must be unanimous and that the accused must be allowed to participate in jury selection); Pa.R.Crim.P., Rule 1101, 42 Pa.C.S.A.

We have carefully reviewed the waiver colloquy conducted on March 31, 1989 and find that appellant indicated at that time that the following facts were true: he was not

under the influence of drugs or alcohol; he had never been committed to a mental institution or suffered from mental problems; his absolute right to a jury trial had been explained to him; the jury selection process had been explained to him in detail; his guilt would have to be established beyond a reasonable doubt by the Commonwealth and a twelve-member jury would have to reach a unanimous verdict as to that guilt. N.T. 3/31/89 at 9–11. Appellant specifically stated that he agreed to accept a waiver trial with Judge Jackson presiding and that he understood that Judge Jackson would be the only person determining the issues of fact and whether appellant was guilty. *Id.* at 11. It is apparent from the record that appellant was advised of the elements of a jury trial and that he understood these ingredients. *See Commonwealth v. Carter, supra.*

Additionally, the following exchange took place regarding the incorporation by reference of testimony taken at appellant's suppression hearing:

Q. (By trial counsel): Did I also explain to you that I believe any testimony that will come out during a waiver trial was already heard yesterday during the suppression hearing? Did I explain that to you?

A. (By appellant): Yes.

Q. Did I explain to you that sometimes a judge will let an attorney do what is known as incorporate by reference, meaning we'll not bring out all of this testimony all over again. What was heard yesterday will essentially be your trial. Did I explain that to you?

A. Yes.

Q. Did I also explained [sic] to you, if you wanted to, you would have a right for all this evidence to be heard again and you could testify on your own behalf again today?

A. Yes.

Q. Do you agree you do not think anything will come up today that did not come up yesterday, and if the

Judge will let us do it, then we'll not have a trial all over again?

A. Yes.

*Id.* at 11–12. We find no basis in the record of the colloquy to support appellant's contention that he was misled by counsel into giving up any hope for the evaluation of his case on its merits by an impartial factfinder who would have granted him all the benefits of reasonable doubt and the presumption of innocence. Rather, the record fully supports the trial court's ruling that appellant's waiver of the right to jury trial was knowing and voluntary and that he understood the implications of incorporating testimony by reference. Thus we can grant appellant no relief on his ineffectiveness claim.

Appellant next argues that the sentence imposed by the lower court was excessive and unreasonable under the circumstances of this case because the sentencing court in essence ignored the Sentencing Guidelines. Appellant does not contend that the sentence meted out to him by the trial court is illegal. Rather, appellant challenges the discretionary aspects of his sentence. Appellant has included in his brief a separate statement demonstrating that a substantial question exists regarding the appropriateness of the sentence imposed under the Sentencing Code as required by the Pennsylvania Rules of Appellate Procedure. *See* 42 Pa.C.S.A. § 9781(b); Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987). "However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* We may therefore consider the merits of appellant's claim.

██ Sentencing is a matter vested in the sound discretion of the trial court and the lower court's judgment of sentence will not be disturbed by an appellate court absent abuse of discretion. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Meo*, 362 Pa.Super. 328, 524 A.2d 902 (1987), *allocatur denied* 516 Pa. 632, 533 A.2d 91 (1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. *Commonwealth v. White*, 341 Pa.Super. 261, 491 A.2d 252 (1985); *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983). When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *Commonwealth v. Fries*, 362 Pa.Super. 163, 167, 523 A.2d 1134, 1135 (1987), *allocatur denied* 515 Pa. 619, 531 A.2d 427 (1987).

██ In the case *sub judice*, the sentence imposed is within the statutory limits and cannot on this ground be considered inordinate. Our supreme court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information regarding a defendant's character along with mitigating statutory factors. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). In the instant case, the record clearly indicates that the lower court had the benefit of a pre-sentence report. Further, the sentencing judge gave a lengthy explanation on the record of the rationale underlying the sentence imposed. N.T. 6/2/89 at 6–10. At this time, the sentencing judge stated that he had carefully considered the Sentencing Code as a whole as well as the Sentencing Guidelines. *Id.* at 6. The lower court judge specifically acknowledged that appellant's case was governed by the Sentencing Guidelines. *Id.* Thus, the record completely belies appellant's contentions regarding the actions of the sentencing court. The requirement that the lower court explain the

rationale for the sentence imposed as set forth in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) and clarified by *Devers, supra,* has been more than satisfied. We find that appellant has not received manifestly excessive punishment and that the sentencing court provided an adequate explanation for the sentence imposed.

Judgment of sentence affirmed.