J-S51018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORNELL PRINCE | |
| Appellant | No. 2759 EDA 2014 |

Appeal from the PCRA Order September 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001174-2009,
CP-51-CR-0001183-2009

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JULY 06, 2016**

Cornell Prince appeals from the order of the Court of Common Pleas of Philadelphia County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act.[1] After careful review, we affirm.

This Court previously set forth the factual and procedural history of this case as follows:

> At approximately 2:30 p.m. on October 15, 2008, Nora B. and her two-year-old granddaughter were struck by stray gunfire after shots were fired at a white Ford Victoria. Nora B. suffered a gunshot wound to her ankle and her granddaughter was shot in the thigh. Around 8:30 p.m., Detective Glen MacClain received an anonymous telephone call reporting that [Prince] and his stepbrother, Hakim S., were involved in the shooting and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

that [Prince] was the shooter. Armed with only this information, four plain-clothes police officers arrived at the suspect's home at approximately 2:00 a.m. The officers, who did not have an arrest warrant, placed Hakim S. and [Prince] into two separate police cruisers and transported them to the police station. Police handcuffed [Prince] but not Hakim S.

Prior to the police interviewing [Prince], Hakim S. informed police that [Prince] fired the shots that wounded the victims herein. [Prince] remained in custody for approximately twelve hours, at which point the police provided *Miranda* warnings and [Prince] gave a written confession. Police also supplied Nora B. with a photographic array, including a picture of [Prince], but she was unable to identify [Prince]. At the time of the preliminary hearing, upon seeing [Prince] enter the courtroom in handcuffs, Nora B., who was unaware that [Prince] would be present, exclaimed that [Prince] was the perpetrator.

[Prince] filed a motion to suppress, asserting that the police obtained his statement unlawfully as the result of an illegal arrest. The suppression court agreed that [Prince's] arrest was unlawful but declined to suppress his statement to police. Although not specifically raised in the motion to suppress, the parties litigated the pre-trial identification at the suppression hearing.

Immediately thereafter, [Prince] proceeded to a non-jury trial and the court found him guilty of [two counts of aggravated assault, possession of an instrument of crime (PIC), simple assault, recklessly endangering another person (REAP) and various violations of the Uniform Firearms Act (VUFA).] The trial court sentenced [Prince] to nine to eighteen years' incarceration on one count of aggravated assault and to consecutive sentences of five to ten years and three and one-half to seven years for the two VUFA violations. Additionally, the court sentenced [Prince] to a consecutive term of imprisonment of one and one-half to three years for his PIC conviction.

*Commonwealth v. Prince*, 585 & 586 EDA 2010, unpublished memorandum at 2-3 (Pa. Super. filed May 16, 2011).

Prince filed a timely PCRA petition on August 15, 2012, in which newly obtained counsel, Nino V. Tinari, Esquire, alleged trial counsel's

ineffectiveness for failing to seek the recusal of the trial judge after he denied the motion to suppress. On July 25, 2014, the court sent Prince a notice pursuant to Pa.R.Crim.P. 907, informing him of its intent to dismiss the petition without a hearing. On September 10, 2014, the court dismissed Prince's PCRA petition.

Prince filed a counseled notice of appeal on September 11, 2014, and shortly thereafter, the court ordered him to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In an opinion filed on December 19, 2014, the court stated that all issues on appeal were waived because counsel did not file a Rule 1925(b) statement.

On May 18, 2015, this Court granted Attorney Tinari's motion to withdraw and directed the trial court to appoint new counsel if Prince met the eligibility requirements. On August 13, 2015, the court appointed John Cotter, Esquire, to represent Prince. By order dated September 22, 2015, this Court vacated the existing briefing schedule and remanded the matter for the filing of a Rule 1925(b) statement.

Prince filed a Rule 1925(b) statement on September 30, 2013 and on October 13, 2015, the court filed its Rule 1925(a) opinion.

On appeal to this Court, Prince raises the following issues for our review:

> 1. Did the trial court err in denying [Prince] an evidentiary hearing because the defense asserted in its PCRA petition that defense counsel was ineffective at trial for not requesting that the trial court recuse itself after the court heard and denied the motion to suppress both the defendant's statement and

- 3 -

an unduly suggestive police identification procedure of the complainant?

2. Did the trial court err in not sending a notice of intent to dismiss [Prince's] PCRA petition on both cases on which [Prince] had filed his PCRA petition?

Appellant's Brief, at 2.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted).

To be eligible for relief under the PCRA, Prince must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011). To prevail on an ineffectiveness claim, the defendant must show that the underlying claim had arguable merit, counsel had no reasonable basis for his or her action, and counsel's action resulted in prejudice to the defendant. **Commonwealth v. Prince**, 719 A.2d 1086, 1089 (Pa. Super. 1998).

Prince argues that the trial court erred by denying his request for an evidentiary hearing to establish that counsel was ineffective for failing to request that the trial judge recuse himself after he denied Prince's motion to suppress.[2]

However, as this Court has noted:

> A party seeking recusal of the trial judge bears the burden of establishing the grounds for the recusal. ***Commonwealth v. Gibson***, 567 A.2d 724, 727 (Pa. Super. 1989). "Even the fact that the trial judge may have been made aware of improper evidence does not require recusal; . . . a trial judge is presumed to be capable of disregarding improper evidence. . . ." ***Id.*** . . . Recusal is required only when the evidence brought to the attention of the trial court is *both* inadmissible and *highly* prejudicial.

***Commonwealth v. Lott***, 581 A.2d 612, 616 (Pa. Super. 1990) (emphasis in original).

With respect to a claim similar to the one Prince raises in his PCRA petition, this Court has stated:

> [W]hile it may be the better practice to have a different judge preside over trial than presided over pre-trial proceedings, such a practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. ***Commonwealth v. Baxter***, 422 A.2d 1388 (Pa. 1980). ***Commonwealth v. Williams***, 410 A.2d 835 (Pa. Super. 1979). This principle appears to be based on "the prevailing view that judicial fact-finders are capable of disregarding most

---

[2] Pa.R.Crim.P. 907(1) provides, in relevant part, that after reviewing a PCRA petition, the Commonwealth's answer and any other matters of record, a court may dismiss the petition without further proceedings if it determines such proceedings would serve no purpose.

prejudicial evidence." ***Commonwealth v. Council***, 421 A.2d. 623[,] 625 [(Pa. 1980)]."

***Commonwealth v. Lewis***, 460 A.2d 1149, 1152 (Pa. Super. 1983).

***Lewis*** held that absent a showing of prejudice, counsel was not ineffective for failing to seek recusal of the judge who presided over the suppression hearing. "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012) (quotations and citations omitted).

Prince's petition and letter brief in support thereof do not discuss how the results of the proceeding would have been different but for counsel's decision not to seek recusal.

With respect to the facts of the instant matter, the trial court noted:

Here, [Prince] signed a "Waiver of Jury Trial" form and was colloquied by the trial court, electing to be tried before Judge O'Grady. He was aware that counsel was going to argue motions to suppress before trial, the motions to suppress were denied, and [Prince's] statement and the in-court identification by the victim were ruled admissible at trial. Because there was no suppression, there was no evidence admitted before Judge O'Grady during the motion that would not have been admitted before another judge hearing the case in the event of recusal. Based on all of the facts set out above, it is clear that [Prince] did not wish that Judge O'Grady be recused, and [Prince] cannot prove that he was prejudiced by trial counsel's decision to proceed to a waiver trial rather than request recusal.

Trial Court Supplemental Opinion, 10/13/15, at 6.

Because the evidence was admissible, recusal was not required. *Lott*, *supra*.

As to whether Prince was prejudiced, his petition neither pleads nor offers to prove that counsel lacked a reasonable basis for not seeking recusal. He simply asserts that "the failure to litigate issues . . . could not have been the result of any rational, strategic or tactical decision by counsel." PCRA Petition, at 2. This statement does not meet the strict requirements of the PCRA as developed through case law. "Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden." *Commonwealth v. Paddy*, 15 A.3d 431, 433 (Pa. 2011). Furthermore, Prince failed to attach to his petition an affidavit from trial counsel addressing the matter at issue. Our Supreme Court has declined to find ineffectiveness where a petitioner failed to include an affidavit from prior counsel or explain why he did not provide one. *Commonwealth v. Marshall*, 812 A.2d 539, 548 (Pa. 2002), *overruled on other grounds*, *Commonwealth v. Tharp*, 101 A.3d 736 (Pa. 2014).

Accordingly, the PCRA court did not err by dismissing the petition without a hearing.

With respect to Prince's next claim, Pa.R.Crim.P. 907(1) provides, in relevant part, that if a judge intends to dismiss a PCRA petition without a hearing, "the judge shall give notice to the parties . . . and shall state in the notice the reasons for the dismissal." The instant matter bore two docket

numbers in the trial court: CP-51-0001174-2009 and CP-51-0001183-2009. However, when the trial court sent its Rule 907 notice to Prince, it did so only for CP-51-0001183-2009. Because a Rule 907 notice is mandatory, Prince seeks a remand to allow the court to comply with Rule 907 with respect to CP-51-0001174-2009. He has not established his entitlement to relief.

"The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2011) (citation omitted). Here, Prince filed one PCRA petition raising one claim of trial counsel ineffectiveness that applied to the two shootings that were the subject of the individual docket numbers. The Rule 907 notice informed Prince that the court intended to dismiss the sole petition before it and afforded him the opportunity to respond. Because the purpose behind Rule 907 was met, we decline to remand the case for entry of a separate Rule 907 notice.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/6/2016</u>