J-S14044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ALBERT SHAFFER, JR. | : | |
| | : | |
| Appellant | : | No. 1559 MDA 2020 |

Appeal from the PCRA Order Entered November 24, 2020
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000055-2015

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 22, 2021**

Charles Albert Shaffer, Jr. ("Shaffer"), appeals from the Order denying his first Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously summarized the history underlying the instant appeal as follows:

> This case arises from [Shaffer's] shooting of his housemate, Casey Farley [("Farley")], in the abdomen with a shotgun at their joint residence on December 12, 2014.  On the day before the shooting and on the day thereof, [Shaffer] made a series of complaints to police concerning Farley's alleged theft and sale of [Shaffer's] prescription medication (oxycodone).  During one phone call, made at 6:25 p.m. on December 12, [Shaffer] stated[,]
>
> > [Farley] has a pocket full of money over there from selling my medication, and I'm going to confront him.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

… I got a shotgun and it's loaded. And Jimmy[FN] is trying to tell me to settle down, but I'm not.  I'm not. I want what's owed to me.  I mean, I'm just like livid here.

… I'm not homicidal.  I'm for justice….  If I confront him, he's going to come after me.

---

[FN]  James  Dennehy  [("Dennehy")]  was  the  third roommate.

---

(N.T. Trial, 4/26/16, at 98-100).  Authorities instructed [Shaffer] not to confront Farley.

Later, Shaffer approached Farley[,] while Farley was in the kitchen cooking, and began angrily yelling at him, accusing him of stealing medication from his bedroom.  [Shaffer] was holding a shotgun, pointed down towards the ground.  [Shaffer] warned Farley to stay out of his room, stating, "if I ever catch you in there again, I'll shoot you." (N.T. Trial, 4/27/16, at 191).

[Shaffer] went upstairs to Dennehy's room, and Farley followed. [Shaffer] pulled a shotgun out from under pillows on the couch[] and said[,] "If you ever go in my room—you stole my pills and I know you took them….  You ever go in my room, I'm going to shoot you."  (*Id.* at 197). [Shaffer] aimed the gun at the middle of Farley's chest, and poked him in the chest with it.  Farley pushed the barrel of the shotgun in an attempt to get it away from [Shaffer], and [Shaffer] shot him in the upper abdomen.  [Shaffer] said[,] "[Y]ou stole from me … I'd reload again and shoot you again … but if I do that[,] I won't be able to claim self-defense." (*Id.* at 200).  Dennehy called 911 at 7:49 p.m., and Farley was transported to the hospital for surgery.  [Farley survived his injuries.]

On April 29, 2016, a jury found [Shaffer] guilty of [two counts each of aggravated assault and simple assault, and one count each of recklessly endangering another person and criminal attempt (homicide),[2]] following a four-day trial.  On August 8, 2016, the trial court sentenced him to a term of not less than

---

[2] ***See*** 18 Pa.C.S.A. §§ 2702, 2701, 2705, 901.

fifteen nor more than thirty-five years' incarceration. The court issued an [O]pinion and [O]rder denying [Shaffer's] timely post-sentence [M]otion on January 5, 2017, following a hearing….

*Commonwealth v. Shaffer*, 194 A.3d 695 (Pa. Super. 2018) (unpublished memorandum at 1-3) (some capitalization omitted, one footnote in original, one footnote added, one footnote omitted). This Court affirmed Shaffer's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *See id.*, *appeal denied*, 199 A.3d 883 (Pa. 2018).

Shaffer timely filed a PCRA Petition and a counseled Amended PCRA Petition. The PCRA court conducted an evidentiary hearing on July 20, 2020. On November 24, 2020, the PCRA denied Shaffer's Petition. Thereafter, Shaffer filed the instant timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Shaffer presents the following claims for our review:

I. … Did the [trial] court err when it found prior counsel was not ineffective for failing to request recusal[,] despite the appearance of impropriety of the judge presiding over [Shaffer's] attempted murder trial?

II. The [trial] court denied [Shaffer's] post-sentence [M]otion[,] because prior counsel did not provide evidence that, before the trial, [Farley] sought counsel to sue [Shaffer]. The post-sentence court stated that it would have granted a new trial had this evidence been produced. Did the [trial] court err by denying relief[,] when prior counsel could have produced this evidence[,] but failed to do so?

Brief for Appellant at 3.

As our Supreme Court has explained,

- 3 -

[u]pon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Shaffer first claims that his trial counsel, Marc Decker, Esquire ("Attorney Decker"), rendered ineffective assistance by not seeking recusal of the judge presiding over his criminal trial. Brief for Appellant at 8. According to Shaffer, the trial judge, when previously employed as a prosecutor, had prosecuted Shaffer in an unrelated matter. *Id.* at 8. In a prior spousal support case involving Shaffer, that same judge had recused himself from the proceedings. *Id.* at 11. According to Shaffer,

the presiding judge's role in determining what the jury could hear and consider[,] with [Shaffer's] liberty at stake[,] required the presiding judge to recuse himself to avoid the appearance that his decision was based on something other than the law. By not making a motion for the presiding judge to recuse himself, prior counsel allowed the appearance of impropriety to cloud the judge's ruling and did not provide effective representation in this regard.

*Id.* at 12.

Shaffer posits that the issue is not whether the trial court's rulings were correct, but whether the lay community could question the court's impartiality. *Id.* at 13. Shaffer argues that, although the jury was to determine credibility,

> a significant minority of the lay community would question why the [trial] court, given its history with [Shaffer], could not act impartially in a domestic relations matter where [Shaffer] was a party, but could now exercise its broad discretion impartially to include or exclude evidence and arguments in a case where [Shaffer] is charged with attempted murder.

*Id.* at 14.

Shaffer additionally directs our attention to his second claim for support. *Id.* In resolving his post-sentence Motion, Shaffer argues, the trial court rendered a credibility determination and denied a new trial, in rulings that would cause a reasonable person to question the court's impartiality. *Id.* at 15.

Shaffer further disputes the trial court's reliance on *Commonwealth v. Lot*, 581 A.2d 612 (Pa. Super. 1990), in support of its denial of PCRA relief. Brief for Appellant at 16. In *Lot*, Shaffer explains, the Court held that "[r]ecusal is required only when the evidence brought to the attention of the trial court is both inadmissible and highly prejudicial." *Id.* (citation omitted). Shaffer contends that in the instant case, it is the "appearance" of impropriety at issue. *Id.* Therefore, Shaffer argues, it was not necessary for him to show actual bias or prejudice. *Id.* Finally, Shaffer asserts that Attorney Decker had no reasonable basis for failing to review the prior domestic relations case, including the prior recusal Order. *Id.* at 17.

Counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, … 830 A.2d 567, 572 ([Pa.] 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, … 811 A.2d 994, 1002 ([Pa.] 2002).

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017). If a claim fails under any necessary element of the ineffectiveness test, the Court may proceed to address that element first. *Commonwealth v. Bennett*, 57 A.3d 1185, 1196 (Pa. 2012). Accordingly, we focus our attention on whether Shaffer has established the requisite prejudice to sustain his ineffectiveness claim.

"Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings." *Commonwealth v. Chambers*, 807 A.2d 872, 883 (Pa. 2002) (citation omitted). "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Cox*, 863 A.2d 536, 546 (Pa. 2004). "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Chambers***, 807 A.2d at 883 (citation omitted).

In his appellate brief, Shaffer does not argue that he suffered actual prejudice resulting from Attorney Decker's alleged ineffectiveness. Rather, Shaffer claims that actual prejudice is not required. ***See*** Brief for Appellant at 9. Quoting ***In the Interest of McFall***, 617 A.2d 707 (Pa. 1992), Shaffer contends that "[t]here is no need to find actual prejudice, but rather, the appearance of prejudice is sufficient to warrant the grant of new proceedings." Brief for Appellant at (quoting ***McFall***, 617 A.2d at 710). Shaffer's reliance on ***McFall*** is misplaced.

Shaffer is correct that, in establishing the *arguable merit* to a recusal motion, the appearance of impropriety is sufficient for the grant of new proceedings. ***See McFall***, 617 A.2d at 710. However, arguable merit is but one prong necessary to establish a successful claim of ineffective assistance of counsel under the PCRA. ***See Holt***, 175 A.3d at 1018.

Here, Shaffer failed to establish prejudice resulting from Attorney Decker's failure to file a recusal motion. As the PCRA court observed in its Opinion,

> [Shaffer] was tried by a jury comprised of twelve of his peers. The jury was the sole determiner of the facts and truth. The jury heard the evidence[,] including extensive testimony from [Shaffer] and found [Shaffer] guilty beyond a reasonable doubt. [Shaffer] cannot show that he suffered any actual prejudice as a result of defense counsel's failure to request a recusal. There is absolutely nothing in the record to show that the [trial c]ourt was biased, prejudiced or unfair to [Shaffer]. [Shaffer] has totally failed to

show how he was prejudiced in any manner by trial counsel's failure to seek the [trial c]ourt's recusal. [Shaffer] has failed to show how a motion for recusal, if it had been granted, would have led to a different result given the evidence adduced against him at the time of trial.

PCRA Court Opinion, 11/24/20, at 8 (unnumbered). We agree with the sound reasoning of the PCRA court. **See id.** Because Shaffer failed to establish prejudice resulting from Attorney Decker's alleged ineffectiveness, Shaffer is not entitled to relief on this claim. **See Holt**, **supra**.

In his second claim, Shaffer argues that Attorney Decker rendered ineffective assistance at the post-sentence Motion hearing. Brief for Appellant at 18. At trial, Shaffer sought to challenge Farley's credibility, inquiring as to whether Farley intended to sue Shaffer for his injuries. **See** N.T., 4/27/16, at 269. Farley responded that he did not intend to sue Shaffer. **See id.** at 269-70. However, Shaffer's post-sentence Motion alleged that Farley, in fact, had decided to sue Shaffer prior to the criminal trial. **See** Post-Sentence Motion, 8/26/26, ¶¶ 54-55. Shafer now argues that Attorney Decker rendered ineffective assistance by not presenting the testimony of Robert Englert, Esquire ("Attorney Englert"), and Jessalyn Cool, Esquire ("Attorney Cool"), Farley's civil attorneys, regarding the timing of Farley's decision. **Id.** at 20. According to Shaffer, this testimony would have impacted Farley's credibility,

as it established that Farley had decided to sue Shaffer prior to the criminal trial.[3]  ***Id.***

Shaffer asserts that Attorney Decker knew of the existence of Attorney Englert and Attorney Cool at the time of the post-sentence Motion hearing, and that a limited waiver of privilege was executed to secure their testimony for the PCRA hearing.  ***Id.***  Shaffer posits that the same, limited-privilege waiver for such testimony would have been granted for the post-sentence Motion hearing.  ***Id.*** at 21.  Shafer contends that, during the post-sentence Motion phase of the proceedings, the trial court faulted Shaffer for not producing evidence to support his claim.  ***Id.***

Shaffer directs our attention to the testimony of Farley, who indicated that he had informed Attorney Cool of his wish to sue Shaffer *prior* to the criminal trial.  ***Id.*** at 22.  Attorney Cool, however, testified that that conversation took place *after* the verdict in the criminal trial.  ***Id.*** Notwithstanding, Shaffer points out that Attorney Cool sent a preservation of evidence letter to Shaffer following the criminal verdict.  ***Id.***  Shaffer disputes Attorney Cool's testimony that she sent that letter without Farley's knowledge or authorization.  ***Id.***  Shaffer extensively challenges the credibility of Attorney Cool, claiming that her testimony was "evasive and contradictory."  ***Id.*** at 24.

---

[3] Farley testified at trial that he had decided not to sue Shaffer in relation to his injuries.  ***See*** N.T., 4/27/16, at 269-70.

Shaffer further claims that trial counsel was ineffective for failing to investigate and provide the testimony of Dennehy. *Id.* at 27. Shaffer asserts that, at a February 6, 2018, civil deposition, Dennehy testified that Farley had expressed an intent to sue Shaffer prior to Shaffer's criminal trial. *Id.* at 28. However, when Dennehy testified at the post-sentence Motion hearing on July 28, 2020, the trial court deemed Dennehy's memory as to this issue faulty. *Id.* Shaffer contends that, "[h]ad prior counsel presented [] Dennehy's testimony during the [post-sentence Motion] hearing on December 21, 2016, the [] court would have granted a new trial." *Id.*

Finally, Shaffer asserts that counsel had no reasonable basis for not presenting this evidence, and that counsel's ineffectiveness caused him prejudice, as it resulted in the court having no evidence to find that Farley may have been untruthful in his testimony. *Id.* at 21.

In its Opinion, the PCRA court addressed this claim and concluded that it lacks merit. *See* PCRA Court Opinion, 11/24/20, at 9-10 (unnumbered). We agree with the sound reasoning of the PCRA court and affirm on this basis with regard to Shaffer's second claim. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/22/2021</u>