J-A13021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON ANTHONY SCHMITT | : | |
| | : | |
| Appellant | : | No. 1395 WDA 2023 |

Appeal from the PCRA Order Entered November 3, 2023
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s):  CP-17-CR-0000704-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON ANTHONY SCHMITT | : | |
| | : | |
| Appellant | : | No. 1396 WDA 2023 |

Appeal from the PCRA Order Entered November 3, 2023
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s):  CP-17-CR-0000488-2021

BEFORE:  OLSON, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: November 14, 2024**

Aaron Anthony Schmitt ("Schmitt") appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

The PCRA court detailed the factual and procedural history, which we set forth in relevant part as follows:

[I]n May [] 2021, . . . Schmitt . . . was charged with one [] count of [a]rson; two [] counts of [c]riminal [m]ischief, two [] counts of [r]esisting [a]rrest; one [] count of [d]isorderly [c]onduct; and one [] count of [c]ommunications with 911 [s]ystems [in docket n]umber CP-17-CR-488-2021. [That same month, Schmitt] was charged with: one [] count each of [i]nstitutional [v]andalism and [c]riminal [m]ischief [in docket n]umber CP-17-CR-704-2021. The incident that formed the basis for the charges filed [at number 704-2021] was a broken light covering in a holding cell in the Clearfield County Jail [that occurred] the same morning as [an incident involving Schmitt] at [Super 8] Motel[, which] formed the basis for the charges filed [at n]umber CP-17-CR-488-2021. [Schmitt] was represented by Attorney [Jendi N.] Schwab [("Attorney Schwab")] from the Public Defender's Office[. He] waived his right[] to [a] preliminary hearing.

[In October 2021, Schmitt entered a plea at No. 488-2021] to one [] count of [c]riminal [m]ischief, a third-degree [] felony and one [] count of [r]esisting [a]rrest, a second degree [] misdemeanor[;] and [at No. 704-2021, he entered] a guilty plea to one [] count of [i]nstitutional [v]andalism, a second-degree [] misdemeanor. [Criminal mischief, when graded as a third-degree felony, requires a pecuniary loss in excess of $5,000. **See** 18 Pa.C.S.A. § 3304(b). Schmitt was orally colloquied and stated he had gone over the elements of the offense with Attorney Schwab prior to pleading guilty. He additionally filled out a written colloquy.] . . . [The trial court later sentenced Schmitt to, *inter alia*, incarceration, and, for the criminal mischief conviction at No. 488-2021, restitution in the amount $19,447.53. **See** Sentence, 12/27/21.]

. . . [Following Schmitt's post-sentence motion, the trial court held a hearing to determine whether to modify the restitution amount, and thereafter modified the restitution . . .] to $7,465.33 from $ 19,447.53. [I]n June [] 2022, [Schmitt,] *pro se*[,] filed a [PCRA petition.]

[In] September [] 2022, [the PCRA court appointed] counsel . . . to represent [Schmitt]. [I]n December [] 2022, [Schmitt filed

a counseled amended PCRA petition at No. 488-2021 which was later amended to include No. 704-2021.]

PCRA Ct. Op., 11/3/23, at 1-2.

The PCRA court held an evidentiary hearing at which Schmitt declined to testify. *See* N.T., 3/15/23, at 43. However, Attorney Schwab testified, *inter alia*, that she and Schmitt had gone over the elements of the offense, including the amount required for the commission of the offense of third-degree felony criminal mischief. *See* N.T., 3/15/23, at 15, 17 (Attorney Schwab testifying that $5,000 was required for third-degree felony criminal mischief, and that she had gone over with Schmitt before he pled guilty what the Commonwealth would have to prove to "substantiat[e] the grading of the offense").

Following the evidentiary hearing, the PCRA court issued an order dismissing Schmitt's petition. *See* Order, 11/3/23. Schmitt timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.[2]

Schmitt raises the following issue for our review:

Whether [Schmitt's] trial/guilty plea counsel was ineffective for failing to compel discovery of and challenge the pecuniary loss element of the offense of criminal mischief before [Schmitt] entered a guilty plea and was sentenced.

Schmitt's Brief at 4 (capitalization omitted).

_____

[2] The PCRA court declined to author a separate opinion explaining its reasons for the order in question, but instead directed this Court to its opinion accompanying the order dismissing Schmitt's petition. *See* PCRA Ct. Letter, 1/9/24.

Our standard of review for an order dismissing a PCRA petition is well settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." ***Id***. at 145 (internal citation omitted). ***See also Commonwealth v. Towles***, 300 A.3d 400, 417 (Pa. 2023).

Schmitt's issue concerns an allegation of ineffective assistance of counsel in context of his guilty plea.[3] The relevant law is as follows: For

---

[3] ***See*** Schmitt's Brief at 4 (statement of question involved asserting the ineffectiveness of plea counsel for failing to challenge the "pecuniary loss element of the [criminal mischief] offense"); ***id***. at 10 (summary of argument in which Schmitt asserts ineffective assistance of counsel arising from his guilty plea based on the grading of the criminal mischief offense, which is determined by the "amount of pecuniary loss"); ***id***. at 17 (asserting that that plea counsel was ineffective for failing to challenge the pecuniary loss prior to his guilty plea); Statement of Matters Complained of on Appeal, 12/15/23, at
*(Footnote Continued Next Page)*

- 4 -

ineffective assistance of counsel claims, the petitioner bears the burden of demonstrating (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis designed to effectuate the petitioner's interests for the act or omission in question; and (3) that counsel's ineffectiveness actually prejudiced the petitioner. *See Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007).

Regarding "arguable merit," this Court has provided that, "[t]he first inquiry in an ineffectiveness claim is always whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim." *Commonwealth v. Lott*, 581 A.2d 612, 614 (Pa. Super. 1990) (internal citation and quotations omitted). For the "reasonable basis" prong, the petitioner must show that counsel "had no reasonable basis designed to effectuate his client's interests." *Id*. Lastly, to establish prejudice, the petitioner "must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or

---

¶ 1 (asserting, solely, that Schmitt could not have made a knowing and voluntary plea of guilty to a felony criminal mischief without having the evidence the Commonwealth possessed to meet its burden of proof to establish the pecuniary loss element of the criminal mischief offense). Though Schmitt argues the trial court incorrectly calculated the restitution amount, *see* Schmitt's Brief at 18, that claim is not at issue in this appeal, which is limited to the issue of the validity of Schmitt's guilty plea.

inaction." ***Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa. Super. 2017) (internal citation omitted).

An assertion of ineffectiveness in connection with the entry of a guilty plea merits relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea:

> Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

***Commonwealth v. Pier***, 182 A.3d 476, 478–79 (Pa. Super. 2018) (internal citations, quotations, and footnote omitted). Following successful plea negotiations and a plea of guilty, a defendant is bound by his statements made during the plea colloquy. ***See Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa. Super. 2015). "The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Commonwealth. v. Timchak***, 69 A.3d 765, 770 (Pa. Super. 2013) (internal citation, quotations, and brackets omitted). ***Accord Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (stating that the law does not require an appellant be pleased with the results of the decision to enter a guilty plea, but rather, the decision must be knowingly, voluntarily, and intelligently made).

Schmitt asserts ineffective assistance of counsel during the plea process, specifically, regarding his plea to third-degree felony criminal mischief. *See* Schmitt's Brief at 10. The gravamen of Schmitt's argument is that Attorney Schwab was ineffective because she did not acquire, prior to his plea, discovery from the Commonwealth substantiating the amount of the "pecuniary loss" suffered by Super Motel 8. *See id*. at 12. Schmitt argues that contesting a restitution amount after sentencing "is too late for a defendant who pleads guilty to and is sentenced on a third-degree felony criminal mischief." *Id*. Schmitt argues that "[i]n a case where grading, and, therefore, punishment, is dictated by pecuniary loss, the time to litigate [the issue] is by way of a pre-trial motion, if not at trial." *Id*. at 17. Schmitt acknowledges restitution was ultimately over the $5,000 threshold for the felony grading, but argues this is immaterial to counsel's ineffectiveness with respect to the voluntariness of his plea. *See id*.

The PCRA court considered Schmitt's assertions and concluded they merit no relief for, *inter alia*, the following reasons:

> Attorney Schwab testified that she represented [Schmitt]
> . . .. [S]he was counsel for a written plea agreement and an on
> the record oral plea colloquy. Attorney Schwab credibly testified
> that restitution amounts claimed were discussed between herself
> and the District Attorney and then between herself and [Schmitt].
> The District Attorney showed Attorney Schwab a number for the
> amount of restitution [Schmitt] would owe prior to [Schmitt]
> entering the plea. Attorney Schwab testified that the amount of
> restitution which she was provided was approximately
> $25,000.00. Of vital importance, Attorney Schwab credibly
> testified that she discussed this amount of restitution with
> [Schmitt] prior to him entering the plea of guilt. Attorney Schwab

also discussed with [Schmitt] the fact that at that time the Commonwealth had not provided any supporting evidence for the amount.

PCRA Ct. Op., 11/3/23, at 3-4.

Following our review, we discern no abuse of discretion and/or no error in the PCRA court's determination that Schmitt is due no relief. Initially, we note that the PCRA court credited Attorney Schwab's testimony that she discussed the restitution amount with Schmitt prior to his guilty plea. *See id*. Additionally, Attorney Schwab testified that she discussed with Schmitt, prior to his plea, the amount the Commonwealth would have to prove to grade criminal mischief as a third-degree felony. *See* N.T., 3/15/23, at 16-17. Schmitt, during his plea colloquy, to which he is now bound, affirmed that he understood the elements of the offense, that his attorney explained the elements to him, and that he had no questions about the elements of the offense. *See* N.T., 10/6/21, at 6; *accord* Guilty Plea Colloquy, filed 10/8/21, at 3; *see also Reid*, 117 A.3d at 783 (a defendant is bound by statements made during a plea colloquy). Crucially, Schmitt did not testify at the evidentiary hearing, and there is consequently no evidence from which the PCRA court could conclude there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Thus, there is no merit to Schmitt's claim of ineffectiveness. *See Pier*, 182 A.3d at 478–79 (requiring a petitioner to show a reasonable probability that he would not have pleaded guilty and instead

would have gone to trial but for counsel's alleged ineffectiveness).
Accordingly, Schmitt is due no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/14/2024