J-S01043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH ANDREW KOVALESKI | : | |
| | : | |
| Appellant | : | No. 721 MDA 2017 |

Appeal from the Order Entered March 23, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002000-2012

BEFORE: GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED APRIL 27, 2018**

Appellant, Kenneth Andrew Kovaleski, appeals from the order entered in the Lackawanna County Court of Common Pleas, which granted in part and denied in part his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. We affirm in part, quash in part, and deny the Commonwealth's motion to quash the appeal as untimely.

The relevant facts and procedural history of this case are as follows. In June 2011, Appellant raped Victim, his adopted minor daughter. Appellant continued to abuse Victim over the course of a year until she reported the abuse to police in July 2012. On February 26, 2014, a jury convicted Appellant of rape by forcible compulsion, statutory sexual assault, incest, involuntary deviate sexual intercourse ("IDSI") with a person less

than sixteen (16) years of age, IDSI by forcible compulsion, unlawful contact with a minor, aggravated indecent assault on a person less than sixteen (16) years of age, endangering the welfare of children, corruption of minors, and indecent assault.[1]  The court sentenced Appellant on July 2, 2014, to an aggregate term of twenty-one (21) to forty-two (42) years' imprisonment; this sentence included mandatory minimums under 42 Pa.C.S.A. § 9718. The court also adjudicated Appellant a Tier III offender and a sexually violent predator ("SVP") under the Sex Offender Registration and Notification Act ("SORNA") in effect at that time.[2]  On April 30, 2015, this Court affirmed the judgment of sentence.  Our Supreme Court denied Appellant's petition for an allowance of appeal on November 10, 2015.

On October 13, 2016, Appellant timely filed a PCRA petition.  Appellant filed a motion for recusal of the trial judge from presiding over the PCRA proceedings on October 18, 2016, because the judge and the prosecutor were Facebook friends.  On November 16, 2016, the PCRA court held a hearing on the recusal motion and denied relief.  On February 13, 2017, the

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3122.1(a)(1), 4302(a), 3123(a)(7), 3123(a)(1), 6318(a)(1), 3125(a)(8), 4304(a)(1), 6301(a)(1)(i), and 3126(a)(1), respectively.

[2] SORNA, at 42 Pa.C.S.A. §§ 9799.10-9799.41, went into effect on December 20, 2012, **after** the commission of Appellant's sex offenses, which occurred from June 2011 to July 2012.  SORNA replaced Megan's Law as the statute governing the registration and supervision of sex offenders.  SORNA was recently amended by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018.

PCRA court held an evidentiary hearing; the court initially denied PCRA relief on March 8, 2017. Appellant timely filed a motion for reconsideration on March 20, 2017. On March 23, 2017, the PCRA court expressly granted relief in part, regarding the imposition of the mandatory minimum sentences, and again denied PCRA relief in all other respects.

On April 10, 2017, the court resentenced Appellant to an aggregate term of twenty (20) to forty (40) years' imprisonment, without the mandatory minimum sentences. After sentencing, Appellant objected to both IDSI sentences on the record; and the court accepted the oral motion for reconsideration *in lieu* of a written motion. Appellant, however, also timely filed a written post-sentence motion on April 18, 2017, which claimed the court was vindictive when it resentenced Appellant and the entire sentence was contrary to the fundamental norms of sentencing. The court did not rule on Appellant's post-sentence motion. Nevertheless, on Monday, April 24, 2017, Appellant filed a notice of appeal.[3] The PCRA court did not

---

[3] The present appeal lies from the final order of March 23, 2017, which denied PCRA relief, after expressly granting Appellant's motion for reconsideration of the original order denying PCRA relief within the time for filing an appeal from the original order of March 8, 2017. *See* ***Commonwealth v. Gaines***, 127 A.3d 15 (Pa.Super. 2015) (*en banc*) (stating time to file appeal from denial of PCRA relief runs from date of that PCRA order, rather than from date of new judgment of sentence). *See also* ***Commonwealth v. Grove***, 170 A.3d 1127 (Pa.Super. 2017) (stating PCRA court's grant of relief as to sentencing but denial of relief as to all other PCRA claims is final, appealable order, even if resentencing has not yet occurred).

order and Appellant did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

WAS THE APPEAL PROPERLY PERFECTED WHERE THE NOTICE OF APPEAL WAS TIMELY RECEIVED BY THE PROTHONOTARY BUT NOT DOCKETED UNTIL AFTER THE RELEVANT PERIOD HAD EXPIRED?

WAS THE RE-IMPOSITION OF ESSENTIALLY THE SAME SENTENCE AT THE RE-SENTENCING HEARING IMPROPER?

DID THE PCRA COURT ABUSE ITS DISCRETION BY REFUSING TO RECUSE ITSELF FOR THE PCRA HEARING?

WAS TRIAL COUNSEL INEFFECTIVE FOR NOT SEEKING THE TRIAL COURT'S RECUSAL?

WAS TRIAL COUNSEL INEFFECTIVE FOR NOT SEEKING A CHANGE IN VENUE?

WAS TRIAL COUNSEL INEFFECTIVE WHEN HE DECLINED TO INTRODUCE AVAILABLE EVIDENCE THAT WOULD HAVE IMPEACHED THE ALLEGED VICTIM'S TESTIMONY?

(Appellant's Brief at 7).[4]

---

[4] For purposes of disposition, we have reordered Appellant's issues. Regarding issue one, we reject the Commonwealth's suggestion that Appellant's appeal was untimely filed. Here, the Lackawanna County Clerk of Courts received the notice of appeal on Monday, April 24, 2017, but for unknown reasons the clerk did not docket the appeal until Tuesday, April 25, 2017. Appellant answered the Commonwealth's motion to quash and attached to his answer a Federal Express proof of receipt showing (by way of time-stamp) that the Clerk of Courts had received the notice of appeal at 9:38 a.m. on April 24, 2017. Thus, the record makes clear Appellant's notice of appeal was timely filed, but for this breakdown in the operations of the court. **See Commonwealth v. Braykovich**, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996) (stating
*(Footnote Continued Next Page)*

With respect to Appellant's remaining claims, he argues the trial judge should have recused herself from hearing the PCRA petition because an outside observer could have reasonably questioned the integrity of the process. Specifically, Appellant submits his former employment as a public defender in the county while the judge was a prosecutor, Appellant's appearances in front of the judge in dependency matters, the judge's Facebook relationship with the prosecutor in Appellant's case, and the judge's personal knowledge of facts in dispute all called into question the judge's partiality. In this respect, Appellant also complains trial counsel should have moved for the judge's recusal at trial because the appearance of impropriety gave trial counsel a sufficient basis to file a recusal motion.

Next, Appellant contends trial counsel should have sought a change of

_(Footnote Continued)_ ————————————

extraordinary circumstances, such as fraud or some breakdown in court's operation, will extend filing period). Accordingly, we deny the Commonwealth's motion to quash the appeal on this ground.

Regarding issue two, to the extent Appellant challenges the discretionary aspects of his new sentence, the record demonstrates there remains an open, timely-filed post-sentence motion. Therefore, we quash the appeal as it applies to this issue. **See Commonwealth v. Borrero**, 692 A.2d 158 (Pa.Super. 1997) (stating when appellant files notice of appeal before trial court has ruled on timely post-sentence motion, proper remedy is to quash appeal, relinquish jurisdiction, and remand for trial court to consider post-sentence motion). Additionally, the court should be aware of new law decided during the pendency of this appeal. **See, e.g., Commonwealth v. Muniz**, ____ Pa. ____, 164 A.3d 1189 (2017) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017). Likewise, the court must be cognizant of which version of Megan's Law applies to Appellant, based on the dates of his offenses.

trial venue because of the prejudicial pretrial publicity surrounding the case. This publicity included hostile media coverage towards Appellant and improper comments from the prosecutor. Appellant asserts this level of hostility in itself created prejudice and presumptively tainted the verdict.

Finally, Appellant claims trial counsel failed to present evidence that would have directly contradicted Victim's testimony, when counsel agreed to limit Dr. Seasock's testimony to a stipulation. Appellant avers Dr. Seasock conducted both family and private therapy with Victim, and the private therapy setting would have given Victim the opportunity to report allegations of sexual abuse in confidence, which she did not report. Appellant also contends Dr. Seasock would have testified that he would not report an allegation of abuse from a minor in family therapy to family members. Appellant submits Dr. Seasock's testimony could have undermined Victim's credibility because Victim testified that she believed Dr. Seasock would disclose any allegation of abuse to her adoptive mother. Based on these allegations of ineffective assistance of trial counsel, Appellant concludes this Court should grant him relief, vacate his judgment of sentence, and remand the matter for a new trial. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal*

*denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). If the record supports a PCRA court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014).

When examining a challenge to the PCRA court's denial of a motion for recusal, the relevant standard and scope of review are as follows:

> In reviewing the denial of a recusal motion to determine whether the judge abused [her] discretion, we recognize that our judges are honorable, fair and competent. Based on this premise, where a judge has refused to recuse [herself], on appeal, we place the burden on the party requesting recusal to establish that the judge abused [her] discretion.

***Commonwealth v. King***, 576 Pa. 318, 322, 839 A.2d 237, 239 (2003).

> [A] trial judge should recuse [herself] whenever [she] has any doubt as to [her] ability to preside impartially in a criminal case or whenever [she] believes [her] impartiality can be reasonably questioned. It is presumed that the judge has the ability to determine whether [she] will be able to rule impartially and without prejudice, and [her] assessment is personal, unreviewable, and final. Where a jurist rules that [she]…can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion.

***Commonwealth v. Blakeney***, 596 Pa. 510, 538, 946 A.2d 645, 662 (2008), *cert. denied*, ____ U.S. ____, 129 S.Ct. 1317, 173 L.Ed.2d 596 (2009)

(internal citations omitted). "Pennsylvania law makes clear that it is generally preferable for the same judge who presided at trial to preside over the post-conviction proceedings. [F]amiliarity with the case will likely assist the proper administration of justice. Only where it is adequately demonstrated that the interests of justice warrant recusal, should a matter be assigned to a different judge." *Commonwealth v. Lambert*, 765 A.2d 306, 362 (Pa.Super. 2000).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id. See also Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting *Commonwealth v. Ali*, 608 Pa. 71, 86-87, 10 A.3d 282, 291

(2010)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Steele*, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883

(2002) (internal citations and quotation marks omitted).

"A party seeking recusal of the trial judge bears the burden of establishing the grounds for recusal." *Commonwealth v. Lott*, 581 A.2d 612, 616 (Pa.Super. 1990), *appeal denied*, 527 Pa. 663, 593 A.2d 839 (1991). "A trial judge is deemed the foremost arbiter of [her] own personal bias or prejudice and hence [her] competence to preside over a matter." *Commonwealth v. Mercado*, 649 A.2d 946, 960 (Pa.Super. 1994). "[T]he party seeking the disqualification of a trial judge has the burden of producing evidence tending to show bias, prejudice or unfairness by the judge." *Commonwealth v. McQuaid*, 417 A.2d 1210, 1215 (Pa.Super. 1980). "[A] trial judge should avoid not only impropriety but also the appearance of impropriety." *Commonwealth v. Perry*, 468 Pa. 515, 524, 364 A.2d 312, 317 (1976). A trial judge, however, is not required to recuse herself when an acquaintance is a party or has an interest in the case. *Id.* "[W]hen a defendant is tried by a jury, which exercised sole responsibility for evaluating the testimony and arriving at a verdict, the integrity of the fact-finding process is insulated from any predispositions held by the trial judge." *Mercado, supra* at 960.

Regarding a change of venue claim, "the trial court is in the best position to address the atmosphere of the community and to judge the necessity of any requested change." *Commonwealth v. Briggs*, 608 Pa. 430, 466, 12 A.3d 291, 313 (2011). "A change of venue is compelled

whenever a trial court concludes a fair and impartial jury cannot be selected from the residents of the county where the crime occurred." *Id.* at 466, 12 A.3d at 313. "[T]he pivotal question in determining whether an impartial jury may be selected is not whether prospective jurors have knowledge of the crime being tried, or have even formed an initial opinion based on the news coverage they have been exposed to, but, rather, whether it is possible for those jurors to set aside their impressions or preliminary opinions and render a verdict solely based on the evidence presented to them at trial." *Id.* at 467, 12 A.3d at 314.

"The mere existence of pretrial publicity does not warrant a presumption of prejudice." *Commonwealth v. Birdsong*, 611 Pa. 203, ___, 24 A.3d 319, 331 (2011). In determining whether pretrial publicity was inherently prejudicial, an appellate court must focus upon:

> [W]hether any juror formed a fixed opinion of the defendant's guilt or innocence as a result of the [pretrial] publicity. [Pretrial] publicity will be deemed inherently prejudicial where the publicity is sensational, inflammatory, slanted towards conviction rather than factual and objective; revealed that the accused had a criminal record; referred to confessions, admissions or reenactments of the crime by the accused; or derived from reports from the police and prosecuting officers.
>
> If any of these factors exists, the publicity is deemed to be inherently prejudicial, and we must inquire whether the publicity has been so extensive, so sustained, and so pervasive that the community must be deemed to have been saturated with it. Finally, even if there has been inherently prejudicial publicity which has saturated the community, no change of venue is warranted if the passage of time has sufficiently dissipated the prejudicial

effects of the publicity.

*Id.* at ___, 24 A.3d at 331-32.

A court will consider the direct effects of publicity to determine the efficacy of the passage of time. ***Briggs, supra***. "Although it is conceivable that pretrial publicity could be so extremely damaging that a court might order a change of venue no matter what the prospective jurors said about their ability to hear the case fairly and without bias, that would be a most unusual case." ***Id.*** at 468-69, 12 A.3d at 314.

To establish counsel's ineffectiveness for failure to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness.

***Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa.Super. 2004), *appeal denied*, 580 Pa. 696, 860 A.2d 123 (2004) (quoting ***Commonwealth v. Khalil***, 806 A.2d 415, 422 (Pa.Super. 2002), *appeal denied*, 572 Pa. 754, 818 A.2d 503 (2003)) (internal citations omitted).

Instantly, a jury convicted Appellant on February 26, 2014, of multiple sex offenses he had committed from June 2011 until July 2012. On July 2, 2014, the court sentenced Appellant to an aggregate term of imprisonment,

which included mandatory minimum sentences. This Court affirmed and our Supreme Court denied Appellant's petition for an allowance of appeal.

Appellant timely filed a PCRA petition on October 13, 2016. On October 18, 2016, Appellant filed a motion for recusal of the trial judge from presiding over the PCRA proceedings, because the judge and the prosecutor were Facebook friends. The PCRA court held a hearing on the recusal motion and denied it. The PCRA court held an evidentiary hearing on February 13, 2017, and initially denied PCRA relief on March 8, 2017. Appellant timely filed a motion for reconsideration, which the PCRA court expressly granted in part on March 23, 2017, regarding the imposition of the mandatory minimum sentences, and again denied PCRA relief in all other respects.

The court resentenced Appellant on April 10, 2017, to an aggregate term of twenty (20) to forty (40) years' imprisonment, without the mandatory minimum sentences. After sentencing, Appellant objected to both IDSI sentences on the record, and the court accepted the oral motion for reconsideration *in lieu* of a written motion. Appellant also timely filed a written post-sentence motion, which claimed the court was vindictive when it resentenced Appellant and the entire sentence was contrary to the fundamental norms of sentencing. The court has not ruled on the post-sentence motion. Nevertheless, Appellant filed a notice of appeal.

Regarding Appellant's challenge to the PCRA court's denial of his

recusal motion, the PCRA court held a hearing on the matter and properly denied relief. During the hearing, the judge stated her personal knowledge of Appellant's public defender position and his appearances before the judge in a dependency matter did not affect the PCRA judge's impartiality. ***See Blakeney, supra***. Additionally, the court's Facebook connection with the prosecutor, absent more, did not warrant recusal. ***See id.*** Upon review, we conclude the PCRA court properly denied Appellant's recusal motion and this argument merits no relief. ***See King, supra***.

With respect to Appellant's claim that trial counsel's failure to file a motion for recusal constituted ineffective assistance, the PCRA court analyzed this issue as follows:

> In the instant case, there is an absence of the type of interest which would give rise to an appearance of impropriety much less to actual impropriety. First, the relationship involved here, that of an acquaintance, [did] not generate bias or prejudice against [Appellant]. [Appellant] was a public defender in Lackawanna County during the same period of time in which [the judge] was a deputy district attorney. During this entire period of time, [Appellant] can only point to one (1) case which was handled by both parties—a criminal matter which resulted in a guilty plea. This is hardly enough to warrant a personal relationship, which [Appellant] claims to have had with [the judge].
>
> \* \* \*
>
> In his testimony at the PCRA hearing, [trial counsel] stated the following on why he chose not to file a motion for recusal after hearing all of the evidence offered by [Appellant]:
>
> [PCRA counsel]: And did you have a strategy

- 14 -

> involved in any of this, in any of the reason[s] to not ask for a recusal, either in full bench or individual judge?
>
> [Trial counsel]:  I—the strategy was I didn't think that there was any evidence to show that [Appellant] wouldn't be able to get a fair trial with this bench, either this specific judge or the bench here in Lackawanna County.
>
> *    *    *
>
> Therefore, since the relationships alleged by [Appellant] did not warrant recusal by [the PCRA court], we must look beyond these allegations to determine if any prejudice actually occurred.  After a close review of all trial records, it is clear that…the judge presided fairly and well and the existence of any relationship between the judge and [Appellant] and/or trial prosecutor had no effect on the performance of the [judge during trial].

(Denial of PCRA Petition Memorandum, filed June 28, 2017, at 9-10) (internal citations and quotation marks omitted).  We accept the PCRA court's analysis and see no reason to disturb it.  *See Perry, supra*. Appellant failed to establish any evidence of bias, prejudice, or unfairness by the judge, and therefore this claim lacks arguable merit.  *See Mercado, supra*; *Poplawski, supra*; *Pierce, supra*.

With respect to Appellant's claim of ineffective assistance for trial counsel's failure to seek a change of venue, he PCRA court said:

> [Appellant's] entire argument rests solely on the publication of four news articles.  The first appeared on WNEP, a local news station, on July 18, 2012.  The second article appeared in the Scranton Times Tribune on July 19, 2012.  The third article appeared in the Scranton Times Tribune on March 17, 2013.  And the final article appeared [on February 18, 2014,] in an online website called

- 15 -

"Addicting Info." In addition to the above articles, [Appellant] has submitted a number of comments which are contained in the news articles.

(Denial of PCRA Petition Memorandum, *supra* at 7).

Appellant's trial commenced on February 24, 2014. Appellant's brief focuses entirely on four articles, three of which were published at least eleven months before trial, and a quote from the prosecutor contained in two of the articles. This level of publicity does not constitute inherent prejudice. *See Birdsong, supra*. The period between the publishing of three of the articles and the start of Appellant's trial was sufficient to dissipate any prejudicial effects. *See Briggs, supra*. The final article, published on a website called "Addicting Info," does not warrant a presumption of prejudice simply because of its proximity to the start of Appellant's trial. *See Birdsong, supra*. Additionally, trial counsel testified at the PCRA hearing that in his extensive experience as a criminal defense attorney, he did not think the pretrial publicity was extraordinary, for a sexual assault case. Further, Appellant elected to have a jury trial, which insulated the fact-finding process from any predispositions held by the judge. *See Mercado, supra*. Therefore, Appellant's argument lacks arguable merit and merits no relief on the venue claim. *See Pierce, supra*.

Regarding Appellant's final claim of ineffective assistance of counsel, the PCRA court analyzed that issue as follows:

[Appellant] alleges trial counsel was ineffective for failing to call Dr. John [Seasock] as a witness for the purposes of

- 16 -

impeaching the credibility of [Victim]. At trial, [Victim] testified that she attended family therapy at Dr. [Seasock]'s office. [Victim] said in her mind everything she said in his office was reported back to Jo Anna (her adoptive mother and [Appellant's] wife). Finally, [Victim] said she did not believe it was private, even though she saw him "privately maybe twice."

Further, [Victim] testified that she did not disclose the sexual assaults to Dr. [Seasock] "because everything I said inside of that room was reported right back to [Appellant and Appellant's wife]. It was family therapy. That was not a personal therapist."

At trial, [Appellant] sought to call Dr. [Seasock] to testify as a defense witness. [Appellant] was prepared to ask Dr. [Seasock] a series of questions relating to his treatment of [Victim]. These questions included: (1) Are you a medical doctor[;] (2) Are you a mandated reporter for sexual abuse[; and] (3) Is it your practice to give your patients a physical and a sexual abuse assessment? The Commonwealth objected to the third proposed question on the grounds of relevance and argued the question would have been misleading to the jury. After [trial counsel] and [counsel] for the Commonwealth engaged in a lengthy argument, [the court] sustained the Commonwealth's objection. [The court] held that [Appellant] could call Dr. [Seasock] as a witness but could not ask him the third proposed question. Therefore, based on [the court's] ruling, both parties stipulated to Dr. [Seasock's] testimony. Specifically, that he is a healthcare professional, that he is required to report suspected child abuse, that he did not make a report of suspected child abuse regarding the victim, and his failure to do so was not a violation of his duties as a mandated reporter.

\* \* \*

[Victim] testified she did not report the abuse to Dr. [Seasock] because she believed he would disclose it to [Appellant's wife]. Whether [Dr. Seasock] would have or could have disclosed a report of sexual abuse from [Victim] to [Appellant's wife] is beside the point and would not have impeached [Victim's] testimony. Clearly, the

- 17 -

strategy employed by [trial counsel] was effective and in no way prejudiced [Appellant].

(Denial of PCRA Petition Memorandum, *supra*, at 11-13) (internal citations and some quotations marks omitted). We accept the PCRA court's analysis and see no reason to disturb it. *See O'Bidos, supra*; *Pierce, supra*. Accordingly, we deny the Commonwealth's motion to quash the appeal as untimely and affirm the order denying Appellant PCRA relief on the grounds asserted. Moreover, we quash the appeal regarding Appellant's challenge to the discretionary aspects of sentencing, due to the outstanding post-sentence motion, and remand for the court to consider and rule on the motion, as set forth in footnote four.

Order affirmed; appeal quashed in part; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/18