J-S47001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON CISNE | : | |
| | : | |
| Appellant | : | No. 632 EDA 2024 |

Appeal from the PCRA Order Entered April 4, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006829-2008

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED JUNE 12, 2025**

Jason Cisne ("Cisne") appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). [1]  We affirm in part and vacate in part and remand for further proceedings.  Specifically, we affirm the order in all respects except for the issue of whether Cisne is due credit for time served in custody prior to his plea and sentencing.

The relevant factual and procedural history of this case is as follows.  In March 2010, Cisne pled guilty to third-degree murder, possession of a firearm prohibited ("person not to possess"), and possessing an instrument of crime. The factual basis included a statement by an eyewitness to the murder, Javier Selgado ("Selgado"), in which Selgado stated that around 11:00 p.m., he saw Phillip Underwood ("Underwood") lying face-up on a sidewalk, when Cisne

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

pulled out a gun and shot Underwood in the left shoulder, two times in the chest, the abdomen, and the left thigh. **See** N.T., 3/1/10, at 9. Additionally, an expert in forensic pathology opined that the multiple gunshot wounds caused Underwood's death, and the manner of death was homicide. Further, Cisne had a prior conviction for possession with intent to deliver a controlled substance, making him ineligible to possess a firearm. **See id**. at 9-10.

At the guilty plea hearing, Cisne stated, under oath, that he was pleading guilty because he was guilty, that it was his voluntary decision, that we was not suffering from mental health issues, nor was he under the influence of any drugs or alcohol. **See id**. at 6-7. Additionally, he stated he was satisfied with the representation by plea counsel, Joseph Santaguida, Esq. ("Attorney Santaguida"). **See id**. at 8. Cisne then waived his right to a presentence investigation report ("PSI"). **See id**. at 11. During allocution, Cisne apologized to Selgado's family and explained: "I was young. I made a decision. It cost me my freedom. It cost my family, too. God forgives. I hope they can forgive me, too. That's all I can say. There's nothing much else I can do to bring him back. That's why I'm taking this guilty plea." **Id**. at 21. The trial court thereafter sentenced Cisne to the jointly recommended sentence of twenty-five to fifty years of imprisonment. **See id**. at 2-3 (statement of negotiated recommended sentence); **id**. at 22 (imposition of sentence in accordance with the negotiated guilty plea). **Accord** Order,

3/1/10 (imposing an aggregate sentence of twenty-five to fifty years of imprisonment).

Cisne did not take a direct appeal, but filed a first PCRA petition, which the PCRA court dismissed. This Court likewise determined Cisne's issues were meritless except for his claim that plea counsel failed to file a requested direct appeal. This Court vacated the dismissal order and remanded for an evidentiary hearing on the limited issue of whether plea counsel failed to file a requested direct appeal. The PCRA court subsequently granted relief and reinstated Cisne's direct appeal rights. On direct appeal, this Court vacated the judgment of sentence and remanded for the trial court to determine whether Cisne had been subjected to an unconstitutional mandatory minimum sentence. *See Commonwealth v. Cisne*, No. 1179 EDA 2017 (Pa. Super. 2019) (unpublished memorandum at 2-3) (summarizing the procedural history of this case). The trial court concluded Cisne had not been subjected to an unconstitutional mandatory minimum sentence, and reimposed the same sentence in March 2017, and this Court affirmed on January 7, 2019. *See id*. at 1, 4, 7. Cisne did not file a petition for allowance of appeal with our Supreme Court. Thereafter, on December 6, 2019, he filed a timely *pro se* PCRA petition.

In his *pro se* petition, Cisne asserted the following claims: (1) the trial court erred in failing to order a PSI and by not stating on the record its reasons for the sentence; (2) the court imposed an illegal mandatory minimum

sentence; (3) counsel at the 2017 resentencing hearing failed to timely file a post-sentence motion; (4) the trial court deviated from the applicable sentencing guidelines; (5) the trial court failed to award credit for time served; and (6) Attorney Santaguida was ineffective for failing to investigate alibi witnesses prior to Cisne's guilty plea. **See generally** PCRA Pet., 12/6/19.

The PCRA court appointed counsel ("PCRA counsel"),[2] who filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See Finley** Letter, 2/5/22. PCRA counsel also moved to withdraw. **See** Motion to Withdraw, 2/6/22. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the case in March 2022 and dismissed the petition on April 4, 2022.[3] Cisne later submitted two *pro se* filings in September and December 2022 seeking the docket for his case and indicating he had not been served with the dismissal order, after which the PCRA court granted PCRA counsel's motion to withdraw and reinstated Cisne's right to appeal from the dismissal order. **See** Order, 2/9/24. Cisne timely appealed,

_____

[2] The appointment order appears to be missing from the certified record. However, the docket indicates PCRA counsel was appointed in August 2021.

[3] The order dismissing Cisne's PCRA petition is not contained in the certified record, though it is docketed on April 4, 2022.

*see* Notice of Appeal, 2/20/24, and both he and the PCRA court complied with

Pa.R.A.P. 1925.[4]

Cisne raises the following issues for our review:

I.  Did [Cisne] have ineffective assistance of counsel [rendered by several prior attorneys]?

II.  Did the Commonwealth withheld [sic] evidence [in] Cisne's favor?

III.  I am confined in violation of the [c]onstitution, laws, or treaties-of the United States[.]

IV.  Did all prior counsel provided ineffective assistance of counsel when they failed to investigate this case and Cisne pled guilty in the account [sic] he would get 15-30 years?

V.  Does the sentencing merge to 42 Pa.C.S.A. § 9765 for this single incident so I should have received 20-40 years?

VI.  Did the Common Pleas Court error [sic] by adopting PCRA counsel's no-merit letter[,] and PCRA counsel provided ineffectiveness in violation of the 6th Amendment?

VII.  Did PCRA and all counsel's [sic] above rendered ineffectiveness by failing to amend PCRA and failed to raise all issues preserved in state court ? . . ..

VIII.  Is [Cisne] entitled to remand and new counsel appointed to raise all ground for relief?

IX.  Is [Cisne] entitled to a hearing with new counsel appointed ?

---

[4] We note with disapproval that Cisne raised eleven asserted errors in his Rule 1925(b) statement, yet the PCRA court responded to just one of them in its opinion. **Compare** Rule 1925(b) Statement, 3/14/24 **with** PCRA Ct. Op., 7/25/24.

> X. Is [Cisne] confined in violation of **Brady**, and **Strickland** court[5] [sic] and nothing was done on the (3) remands by the Superior Court . . .?
>
> XI. Did the sentencing court fail to award all credit for everyday [sic] Cisne was confined resulting in an illegal sentence ?

Cisne's Br. at 4-5 (issues re-ordered for ease of disposition).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). "Moreover, we must conduct our review in the light most favorable to the prevailing party, in this instance, the Commonwealth." **Commonwealth v. Rizor**, 304 A.3d 1034, 1058 (Pa. 2023) (internal citation omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **Commonwealth v. Wholaver**, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order

---

5 **See Brady v. Maryland**, 373 U.S. 83 (1963); **Strickland v. Washington**, 466 U.S. 668 (1984).

for any reason appearing as of record." *Id*. at 145 (internal citation omitted). Lastly, a PCRA court may decline to hold an evidentiary hearing if a claim is patently frivolous and has no support in the record or other evidence; but if there are factual issues to be resolved, the court should hold an evidentiary hearing. *See Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019).

In his first issue, Cisne asserts ineffective assistance of counsel, apparently as it pertains to the validity of his guilty plea. For ineffective assistance of counsel claims, the petitioner bears the burden of demonstrating (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis designed to effectuate the petitioner's interests for the act or omission in question; and (3) that counsel's ineffectiveness actually prejudiced the petitioner. *See Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007).[6]

---

[6] Regarding "arguable merit," this Court has provided that, "[t]he first inquiry in an ineffectiveness claim is always whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim." *Commonwealth v. Lott*, 581 A.2d 612, 614 (Pa. Super. 1990) (internal citation and quotations omitted). For the "reasonable basis" prong, the petitioner must show that counsel "had no reasonable basis designed to effectuate his client's interests." *Id*. (internal citation and quotations omitted). Lastly, to establish prejudice, the petitioner "must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." *Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa. Super. 2017) (internal citation omitted).

An assertion of ineffectiveness in connection with the entry of a guilty plea merits relief only if the ineffectiveness caused the defendant to enter an involuntary or unknown plea:

> Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Commonwealth v. Pier*, 182 A.3d 476, 478–79 (Pa. Super. 2018) (internal citations, quotations, and footnote omitted). Following successful plea negotiations and a plea of guilty, a defendant is bound by his statements made during the plea colloquy. *See Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015). "The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth. v. Timchak*, 69 A.3d 765, 770 (Pa. Super. 2013) (internal citation, quotations, and brackets omitted). *Accord Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012).

Cisne argues that he received ineffective assistance of counsel because all of his attorneys failed to investigate his case or consider his alibi defense. *See* Cisne's Br. at 8. Cisne attaches to his brief affidavits purportedly by the mother of his child, and her mother, indicating he was home at the time of Selgado's murder. *See id*. at App'x C.

Following our review, we conclude this issue merits no relief.[7] We note Cisne pled guilty and received the agreed-upon sentence. At the sentencing hearing, he indicated he was satisfied with Attorney Santaguida's representation, affirmed that he was pleading guilty because he was guilty, and that the plea was voluntary. Additionally, the factual basis of the plea included a statement by an eyewitness to the murder incriminating Cisne. Further, and crucially, Cisne fails to show prejudice, *i.e.*, that but for Attorney Santaguida's alleged ineffectiveness in failing to interview Cisne's alibi witnesses, there was a reasonable probability that Cisne would not have pleaded guilty, but instead would have proceeded to trial. **See Pier**, 182 A.3d at 478-79 (requiring a showing of prejudice in support of a challenge to the validity of a guilty plea). Accordingly, Cisne is due no relief on his first issue.

In his second issue, Cisne argues the Commonwealth withheld favorable evidence, including witnesses, physical evidence, discovery, and that it relied on "false testimony" to convict him. **See** Cisne's Br. at 9. Before considering the merits of this issue, we must determine whether it is waived. Where an appellant fails to develop an issue or cite legal authority, we will find waiver of that issue. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1118 (Pa.

_____

[7] As a threshold matter, we note this claim arguably has been previously litigated. In **Commonwealth v. Cisne**, No. 1133 EDA 2013 (Pa. Super. 2014) (unpublished memorandum at 4-5), this Court held that Cisne's claim that plea counsel failed to interview witnesses was meritless. However, our review of Cisne's PCRA prior petition reveals that he did not plead the names of the witnesses plea counsel allegedly failed to interview.

Super. 2023) (discussing Pa.R.A.P. 2119(a)). This Court will find waiver where an appellant presents generalized assertions, consisting of factually and legally undeveloped claims, in lieu of argument. **See Commonwealth v. Spotz**, 18 A.3d 244, 262 n.9, 326 (Pa. 2011).

Our review of Cisne's brief on this issue discloses that he asserts the Commonwealth withheld witnesses and physical evidence and full discovery, and presented false testimony, but he fails to specify which evidence the Commonwealth withheld—or which false evidence it relied on—and how it prejudiced him. **See** Cisne's Br. at 9-10. Cisne's argument is thus factually and legally undeveloped, which impedes our review. Consequently, this issue is waived. **See Spotz**, 18 A.3d at 262 n.9.

In his third issue, Cisne argues several constitutional violations and contests the sufficiency of the evidence of his convictions. We note Cisne's argument consists of one paragraph of factually and legally unsupported assertions of constitutional violations. **See** Cisne's Br. at 10. This undeveloped issue is waived. **See Midgley**, 289 A.3d at 1118; **Spotz**, 18 A.3d at 262 n.9, 326.

In his fourth issue, Cisne argues prior counsel were ineffective for failing to procure a PSI; plea counsel coerced him into pleading guilty by promising him a fifteen- to thirty-year sentence and that the trial court sentenced him outside of the plea agreement. **See** Cisne's Br. at 11.

Following our review, we conclude these arguments merit no relief. The record shows Cisne affirmed that he had not been coerced into pleading guilty, and that the negotiated sentence of an aggregate of twenty-five to fifty years of imprisonment was placed on the record prior to his plea, and the trial court sentenced him in accordance with the negotiated plea agreement. **See** N.T., 3/1/10, at 2-4, 6-7, 22. Additionally, as noted above, Cisne waived his right to a PSI as part of a negotiated plea. **See id**. at 2, 11. Because a PSI would have served no purpose in these circumstances, counsel cannot be ineffective for advising Cisne to waive his right to a PSI. **See Commonwealth v. Myhre**, 256 A.3d 39, 2021 WL 1990226 (Pa. Super. 2021) (unpublished memorandum at *4, *12) (affirming a denial of relief under these circumstances because, while the petitioner pled guilty without a PSI, the PSI would not have changed the sentence imposed because the petitioner was sentenced pursuant to a negotiated plea agreement); Pa.R.A.P. 126(b).[8]

_____

[8] To the extent Cisne challenges his sentence directly because the trial court did not order a PSI, this argument is waived. Cisne could have raised the absence of a PSI on direct appeal, but did not. **See** 42 Pa.C.S.A. § 9543(a)(3); **Commonwealth v. Conforti**, 303 A.3d 715, 726 (Pa. 2023) (discussing section 9543(a)(3)). Additionally, a challenge to a sentence imposed without a PSI goes to the discretionary aspects of the sentence. **See**, **e.g.**, **Commonwealth v. Finney**, 135 A.3d 1028, 1030-31 (Pa. Super. 2016) (assertion of sentencing error arising from a lack of a PSI relates to the discretionary aspects of sentencing). Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA. **See Commonwealth v. Hernandez**, 328 A.3d 1159, 1165 n.3 (Pa. Super. 2024) (discretionary aspects of sentencing not cognizable at the PCRA stage). Additionally, a guilty plea amounts to waiver of, _inter alia_, challenges to the discretionary aspects
_(Footnote Continued Next Page)_

In his fifth issue, Cisne argues his sentence was illegal because his sentences for third-degree murder and person not to possess should have merged. *See* Cisne's Br. at 11. Based on our review, this issue merits no relief, as third-degree murder and person not to possess do not merge for sentencing purposes. *See* 42 Pa.C.S.A. § 9765 (prescribing merger where crimes arise from a single criminal act and all of the statutory elements of one offense are included in the elements of the other offense); *Commonwealth v. McCamey*, 154 A.3d 352, 357 n.3 (Pa. Super. 2017) (discussing merger). Here, third-degree murder requires the killing of an individual (in this case, perpetrated with a firearm), while persons not to possess does not require a killing; and, conversely, persons not to possess requires the possession of a firearm with a prior disqualifying conviction, whereas a killing can be accomplished without a prior conviction disqualifying the perpetrator from possessing a firearm. *Compare* 18 Pa.C.S.A. 2502(c) *with id*., § 6105(a)(1). Thus, each offense contains an element the other does not, and the convictions do not merge for purposes of sentencing. *See* 42 Pa.C.S.A. § 9765.

In his sixth and seventh issues, Cisne argues PCRA counsel was ineffective for filing a *Turner*/*Finley* letter. Cisne suggests that, had PCRA counsel investigated his case, PCRA counsel would not have filed a "no merit"

---

of the sentence imposed pursuant to the terms of the guilty plea. *See*, *e.g.*, *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017).

letter, and, accordingly, PCRA counsel was ineffective, and the PCRA court erred in dismissing his petition on this basis. *See* Cisne's Br. at 12. While a PCRA petitioner may argue for PCRA counsel's ineffectiveness at the first opportunity, which includes appellate review, this Court may either remand the case for further proceedings to address material facts at issue, or, alternatively, dispose of such claims where relief is plainly unavailable as a matter of law. *See Commonwealth v. Lawrence*, 309 A.3d 152, 155 (Pa. Super. 2024).

Our review reveals that PCRA counsel filed a "no merit" letter addressing Cisne's six PCRA claims. *See generally Finley* Letter, 2/5/22. Apart from suggesting that PCRA counsel was ineffective merely for filing a "no merit" letter, Cisne fails to advance anything other than boilerplate assertions of ineffectiveness. *See* Cisne's Br. at 12. This is insufficient to sustain an appellant's burden of showing PCRA counsel's ineffectiveness. *See Commonwealth v. Gibson*, 318 A.3d 927, 934 (Pa. Super. 2024) (noting that boilerplate allegations and bald assertions "cannot satisfy a petitioner's burden to prove that counsel was ineffective"). Indeed, the appointment of PCRA counsel, who then files a *Turner*/*Finley* letter, vindicates a petitioner's right to counsel, absent specific reasons that PCRA counsel's withdrawal was improper or that counsel was ineffective. *See id*. at 933.

In his eighth issue, Cisne argues he is entitled to a remand for the appointment of new counsel to litigate his claims. Cisne advances generalized

assertions of error without factual or legal development, and accordingly, this issue is waived. *See Midgley*, 289 A.3d at 1118; *Spotz*, 18 A.3d at 262 n.9, 326; *Gibson*, 318 A.3d at 934.[9]  Accordingly, Cisne is not entitled to the appointment of new counsel for any of his non-meritorious claims.

In his ninth and tenth issues, Cisne argues he is entitled to a remand for an evidentiary hearing with newly appointed counsel to litigate his ineffectiveness claim against Attorney Santaguida for failing to investigate his alibi witnesses. *See* Cisne's Br. at 13-14.  As we noted in our review of Cisne's first issue, the matter of Cisne's alibi witnesses is meritless given the circumstances of his guilty plea.  Accordingly, relief is plainly unavailable as a matter of law, and Cisne is entitled to neither a remand nor appointment of new counsel for this issue.  *See Lawrence*, 309 A.3d at 155.

In his eleventh issue, Cisne asserts the PCRA court erred in dismissing his petition insofar as he raised a claim for credit for time served prior to his sentence.  We note that an assertion that the trial court failed to award credit for time spent in custody prior to sentencing involves the legality of the

_____

[9] Cisne suggests in passing that counsel for his resentencing hearing was ineffective for failing to file a post-sentence motion, but he does not specify what that motion should have contained or how he was prejudiced thereby. *See* Cisne's Br. at 13.  This argument is waived.  *See Spotz*, 18 A.3d at 262 n.9.  *See also Commonwealth v. Smith*, 181 A.3d 1168, 1186 (Pa. Super. 2018) (assertion of ineffectiveness for failure to file a post-sentence motion requires a showing of prejudice).

- 14 -

sentence and is cognizable under the PCRA. ***See Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007).

42 Pa.C.S.A. § 9760(1) provides that a trial court shall give credit to a defendant "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S.A. § 9760(1). This Court has explained that section 9760 embodies the principle that "a defendant should be given credit for time spent ***in custody*** prior to sentencing for a particular offense." ***Fowler***, 930 A.2d at 595 (internal citation and quotations omitted) (emphasis in original).

Here, Cisne asserts he was detained ***solely*** on these charges in June 2007 in New Jersey and was extradited to Pennsylvania in March 2008. ***See*** Cisne's Br. at 12. He argues the trial court was required to give him credit for time served dating back to June 2007. ***See also*** PCRA Pet., 12/6/19, at 7.

At neither his original sentencing, nor at the hearing at which the court reimposed the same sentence, did the trial court address the issue of credit for time served. ***See*** N.T., 3/1/10, at 21-23; N.T., 3/10/17, at 13-15. Nor do the written sentencing orders address this question. ***See*** Sentencing Order, 3/1/10; Sentencing Order, 3/10/17. Rather, the trial court merely indicated that the sentence imposed in this case is concurrent to any other sentences Cisne was serving at the time. ***See***, ***e.g.***, N.T., 3/10/17, at 13-14.

However whether Cisne was in fact serving any other sentences, and, if so, from what jurisdictions and for what dates, is unclear from the record.[10] Accordingly, we are constrained to vacate the order dismissing Cisne's petition, and remand for further proceedings, on the **limited issue** of the PCRA court determining whether Cisne was entitled to credit for time spent in custody prior to his plea and sentencing, pursuant to section 9760(1), and, if so, the amount of that credit. **See Grayson**, 212 A.3d at 1054 (a PCRA court should hold an evidentiary hearing if there are factual issues to be resolved).

In sum: we affirm the PCRA court's order dismissing Cisne's petition in all respects except for the limited issue of Cisne's claim for time-served credit.

_____

[10] The Commonwealth suggests that Cisne received the credit he was due because of the imposition of a concurrent sentence. Because the record is unclear about what charges Cisne was incarcerated for, and when, we must reject this argument. **Cf**. Commonwealth's Br. at 17-18. PCRA counsel, as well as the PCRA court, concluded responsibility for calculating Cisne's credit lay with the Department of Corrections. **See Finley** Letter, 2/5/22, at 5; Rule 907 Notice, 3/14/22, at ¶ 5. This Court has explained that erroneous computations by the Department of Corrections should be brought *via* an original action in the Commonwealth Court; ambiguity in the sentence imposed by the court should be raised in the trial court via writ of *habeas corpus ad subjiciendum*; and "only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence [is that challenge] deemed cognizable . . . in PCRA proceedings." **Commonwealth v. Wheeler**, 314 A.3d 1286, 1289 (Pa. Super. 2024) (internal citation omitted). Here, Cisne apparently challenges the legality of the trial court's imposition of a sentence without credit for time served as required by law. Accordingly, it is properly raised in a PCRA petition, rather than an original action in the Commonwealth Court against the Department of Corrections.

The PCRA court is directed to appoint new counsel to Cisne,[11] after which the court shall hold a hearing limited to this claim, and thereafter issue an order granting or denying PCRA relief.

Order affirmed in part, vacated in part, and remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/12/2025

---

[11] PCRA petitioners have a rule-based right to the appointment of counsel for a first petition. *See Commonwealth v. Laird*, 331 A.3d 579, 595 (Pa. 2025). Additionally, petitioners have a rule-based right to appointment of counsel for any claim for which the PCRA court holds an evidentiary hearing. *See* Pa.R.Crim.P. 904(D).